# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHOMMACHANH,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN F. FOULK,<br><br>Respondent. | CASE NO. 13CV869-MMA (MDD)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS;**<br><br>[Doc. No. 44]<br><br>**ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 32]<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS**;<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner David Phommachanh, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254, challenging the constitutionality of his conviction at trial for murder, attempted murder, and assault with a semiautomatic firearm, as well as corresponding

//

//

1 gang and use of firearm enhancements.[1] [Doc. No. 1.] Respondent answered on the
2 merits, requesting the Petition be denied with prejudice, and that no certificate of
3 appealability be issued. [Doc. No. 9.] Petitioner filed a traverse. [Doc. No. 29.]

4   The matter was referred to United States Magistrate Judge Mitchell D. Dembin
5 for preparation of a Report and Recommendation pursuant to 28 U.S.C. Section 636(b),
6 and Civil Local Rule HC.2. Judge Dembin issued a report recommending the Court
7 deny Petitioner's claims for relief without an evidentiary hearing. [*See* Doc. No. 32.]
8 Petitioner filed a Supplemental Document to Amend Initial Filing ("Supplemental
9 Filing")[2] [Doc. No. 43], and Objections to Magistrate's Report and Recommendation
10 ("Objections") [Doc. No. 44].

## STANDARD OF REVIEW

12   Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.
13 Section 636(b)(1), the Court must "make a *de novo* determination of those portions
14 of the report . . . to which objection is made," and "may accept, reject, or modify, in
15 whole or in part, the findings or recommendations made by the magistrate [judge]."
16 28 U.S.C. § 636(b) (1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th
17 Cir. 1989).

## DISCUSSION

19   The Supplemental Document Petitioner filed contains portions of Petitioner's
20 original Petition and traverse, along with additional argument regarding Petitioner's
21 claims. [Doc. No. 43.] In Petitioner's Objections, he states "Petitioner has filed a
22 Supplemental to Amend Initial Filing to include the 'Equal Protection' challenge to
23 ground one. Therefore, this ground is exhausted." [Doc. No. 44, p. 2.] The Report
24 and Recommendation issued by Judge Dembin correctly notes Petitioner's traverse

---

[1] Petitioner raised five grounds for relief in his petition, including an unexhausted claim which Petitioner moved to dismiss. The Court granted Petitioner's motion. [Doc. No. 16.]

[2] Petitioner also filed an Amended Supplemental Document [Doc. No. 46] that is identical to the Supplemental Document, but includes a page with Petitioner's signature and the date and time the Supplemental Document was filed.

was not the proper avenue to raise additional grounds for relief, and that the Equal Protection claim has not yet been exhausted in state court. Even if it had, the Report and Recommendation concludes Petitioner would not have standing to bring such a claim, as the alleged government discrimination at issue was not committed against Petitioner. [*See* Doc. No. 32, p. 14-15.]

Having considered Petitioner's objections in the Supplemental Document [Doc. No. 43] and in the Objections to Magistrates Report and Recommendation [Doc. No. 44], and having conducted a *de novo* review of the pertinent portions of the record, the Court concludes that Judge Dembin issued an accurate report and well-reasoned recommendation that the Petition be denied. Therefore, Petitioner's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** in its entirety, and the Petition for Writ of Habeas Corpus and request for evidentiary hearing is **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth in the Report and Recommendation, the Court finds this standard has not been met. Accordingly, the Court **DECLINES** to issue a certificate of appealability as to any claims or issues raised in the Petition.

//
//

## CONCLUSION

Based on the foregoing, Petitioner's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED** in its entirety, Petitioner's Petition for Writ of Habeas Corpus is **DENIED**, and the Court **DECLINES** to issue a certificate of appealability.

The Clerk of Court shall terminate this case and enter judgment in favor of Respondent.

**IT IS SO ORDERED**.

DATED: September 22, 2014

Hon. Michael M. Anello
United States District Judge